UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.

MARY NYLENE ROBERTSON,

     Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

     Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, Hartford Life and Accident Insurance Company ("Hartford Life"), files this Notice of Removal from the Circuit Court in and for Leon County, Florida on the basis of federal question jurisdiction, as Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"), and states:

1.     Copies of all process, pleadings and other papers received by Hartford Life in the state court action are attached hereto as **Exhibit "1"**.

2.     The Complaint was served by electronic delivery upon the Chief Financial Officer of the State of Florida on January 13, 2023, and was forwarded by electronic delivery to Hartford Life's designated agent on January 17, 2023, being first received by said designated agent the same day.

3.     The Complaint seeks to recover long-term disability ("LTD") benefits allegedly due Plaintiff pursuant to coverage obtained through her employment with Anesthesiology Associates of Tallahassee ("AAT") under Group Policy Number GVL-16008  (the "Group Policy") issued by Hartford Life to Envision Physician Services.  Complaint at ¶¶ 4-8 and

Exhibit "A".  The complaint makes clear that the action is brought pursuant to the Employee Retirement Income Security Act ("ERISA"). Complaint at ¶¶ 1-2; 4-8; and 15.

4.      Plaintiff alleges that he is entitled to LTD benefits under the Group Policy, and that Hartford Life has wrongfully refused to pay said benefits.  *Id.* at ¶¶ 10-11; 15.

5.      ERISA governs employee welfare benefit plans.  *Anderson v. UnumProvident Corp.*, 369 F.3d 1257, 1263 (11th Cir. 2004).  An employee welfare benefit plan is statutorily defined in pertinent part as any (1) plan, fund or program, (2) established or maintained (3) by an employer, (4) to provide beneficiaries (5) benefits through an insurance policy.  *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1214 (11th Cir. 1999) (citing 29 U.S.C. § 1002(1)).  All of the *Butero* elements are present here, and, therefore, the Group Policy and all claims thereunder are governed by ERISA.  *See, e.g., Nails v. Swisher Int'l, Inc.*, No. 3:12-cv-1147, 2013 WL 6768229, *4-5 (M.D. Fla., Dec. 19, 2013) (finding ERISA-governed plan based on satisfaction of *Butero* elements); *Sanzone v. Hartford Life and Acc. Ins. Co.*, No. 06-61135, 2006 WL 8431571, *2-3 (S.D. Fla., Oct. 26, 2006) (same).

6.      This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).  *See generally Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987).  ERISA has been held by the Supreme Court to preempt all state law causes of action and to provide a federal forum for actions such as the one herein.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549 (1987); *see also Chilton v. Savannah Foods & Industries, Inc.*, 814 F.2d 620, 622-23 (11th Cir. 1987).  Accordingly, this case is properly removed.  *Id.; see also May v. Lakeland Reg. Med. Ctr.*, No. 8:09-cv-406, 2010 WL 376088, *9 (M.D. Fla., Jan. 25, 2010) (ruling that employer-provided disability plans were governed by ERISA, such that plaintiff's claims were "completely preempted" and "removal jurisdiction exists").

7.      Hartford Life therefore removes the case to this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1441(b) (providing for removability of cases over which federal courts have jurisdiction); 28 U.S.C. § 1446 (providing procedures for removal); and 29 U.S.C. § 1132(e)(1) (providing for federal jurisdiction of claims by beneficiaries under ERISA).

8.      A copy of this Notice of Removal will be filed in the state court proceeding.

## <u>REMOVAL JURISDICTION</u>

9.      Accordingly, Defendant Hartford Life and Accident Insurance Company requests that the United States District Court for the Northern District of Florida, Tallahassee Division issue such orders and process as are necessary to preserve its jurisdiction over this matter.

*/s/ Jonathan M. Fordin*
Jonathan M. Fordin, Esquire
Florida Bar No. 371637
SHUTTS & BOWEN LLP
200 South Biscayne Blvd.
Suite 4100
Miami, Florida  33131
Telephone:  305-347-7390
Fax:  305-347-7790
*Attorneys for Defendant, Hartford Life*
jfordin@shutts.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and exact copy of the foregoing Notice of Removal was served this 3rd day of February, 2023 by electronic service and U.S. Mail upon:  **Matthew D. Liebenhaut, Esquire,** Liebenhaut Hesser, Attorneys for Plaintiff, 2425 Torreya Drive., Tallahassee, Florida 32303 (matt@liebenhautlaw.com).

*/s/ Jonathan M. Fordin*
Jonathan M. Fordin