# EXHIBIT 1

**Wolters Kluwer**

CT Corporation
Service of Process Notification
01/17/2023
CT Log Number 543022295

## Service of Process Transmittal Summary

**TO:** Daniela Bukowski-James
The Hartford
1 Hartford Plz # HO-1-09
Hartford, CT 06155-0001

**RE:** **Process Served in Florida**

**FOR:** Hartford Life and Accident Insurance Company  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARY NYLENE ROBERTSON vs. HARTFORD LIFE & ACCIDENT INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Complaint, Order |
| **COURT/AGENCY:** | Leon County Circuit Court, FL<br>Case # 2022CA2023CA000056 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | CT Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Electronic Receipt on 01/17/2023 at 00:00 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | MARY NYLENE ROBERTSON<br>LIEBENHAUT HESSER<br>2425 TORREYA DRIVE<br>TALLAHASSEE, FL 32303<br>850-270-6977 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/17/2023, Expected Purge Date: 01/22/2023<br><br>Image SOP<br><br>Email Notification,  CTSOP Lawsuits (Not Specified) SOPLawsuits.Law@thehartford.com |
| **REGISTERED AGENT CONTACT:** | Donna Moch<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |
| **REMARKS:** | Process received by Chief Financial Officer on 01/13/2023, and forwarded to C T Corporation System by electronic delivery on 01/17/2023. |

Page 1 of  2



**CT Corporation**
**Service of Process Notification**
01/17/2023
CT Log Number 543022295

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| MARY NYLENE ROBERTSON | **CASE #:** 2022-CA-2023 CA 000056 |
| | **COURT:** CIRCUIT COURT |
| | **COUNTY:** LEON |
| PLAINTIFF(S) | **DFS-SOP #:** 23-000016740 |
| VS. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | |
| DEFENDANT(S) | |
| _____/ | |
| SUMMONS | |

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Friday, January 13, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, January 17, 2023 to the designated agent for the named entity as shown below.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

CHRIS SCOTT KADY
KDPROCESS
2957 CAPITAL PARK DR., NO. 7
2957 CAPITAL PARK DR.
TALLAHASSEE, FL 32301

JD1

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

**MARY NYLENE ROBERTSON,**
**Plaintiff,**

vs.                                    Case No.: 2022-CA-___  2023 CA 000056

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY,**
**Defendant,**

_____

### SUMMONS

TO:   Hartford Life and Accident Insurance Company
      c/o Chief Financial Officer
      Florida Department of Financial Services
      200 E. Gaines Street
      Tallahassee, Florida 32399

### IMPORTANT

A lawsuit has been filed against you.  You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court, located at: Leon County Clerk of Court, 301 S. Monroe Street, Tallahassee, Florida 32301.

A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case. **If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court**.

You must file your written response with the Court, and you must also mail or take a copy of your written response to the party serving this summons at:

   Mary Nylene Robertson
   c/o Matthew D. Liebenhaut, Esq.
   Liebenhaut | Hesser
   2425 Torreya Drive
   Tallahassee, FL 32303

**If the party serving summons has designated e-mail address(es) for service or is represented by an attorney, you may designate e-mail address(es) for service by or on you. Service must be in accordance with Florida Rule of Judicial Administration 2.516.**

Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.

You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.
DATED: _____

(SEAL)

CLERK OF THE CIRCUIT COURT

By: _____  01/11/2023
Deputy Clerk

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

**MARY NYLENE ROBERTSON,**
**Plaintiff,**

vs.  Case No.: 2022-CA-____

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY,**
**Defendant,**

## COMPLAINT

Plaintiff, MARY NYLENE ROBERTSON, through counsel, files this Complaint, and states:

## STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132(a)(1)(b).

## JURISDICTION AND VENUE

2. This court has jurisdiction of this action pursuant to 29 U.S.C. § 1132(e) as it is an action to recover benefits under the terms of this plan, and to enforce rights under the terms of the plan pursuant to 29 U.S.C. § 1132(a)(1)(B), and as the amount in controversy exceeds $30,000.00.

3. Venue is proper because Plaintiff resides in Leon County, Florida, Defendant conducts business in Leon County, Florida, and the breach of the employee benefits contract between the parties occurred within Leon County.

## PARTIES AND GENERAL ALLEGATIONS

4.  At all times relevant hereto, Plaintiff was an "employee" of Anesthesiology Associates of Tallahassee, her "employer" as those terms are defined in 29 U.S.C. §§ 1002(5) and (6). Defendant is the provider of a long-term disability (LTD) insurance policy that became effective on November 1, 2011 ("the plan" or "the plans").

5.  At all times relevant hereto, Plaintiff was a "participant" in and a "beneficiary" of the plan, as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and her insurance premium required for coverage under both plans had been fully paid or otherwise satisfied.

6.  The plan is an "employee welfare benefit plan[s]," as defined by 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

7.  At all times relevant hereto, Plaintiff's employer, was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).

8.  At all times relevant hereto, Defendant was the "administrator" of the plan and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

9.  At all times relevant hereto, the plan provided for payment of short-term and long-term disability benefits in the event Plaintiff became "disabled," as defined in the plans.

10. The following plan language establishes the basis of Plaintiff's causes of action described below:

> **Calculation of Monthly Benefit:** How are my Disability benefits calculated?
> If You remain Disabled after the Elimination Period and are earning 20% or less of Your Indexed Pre-disability Earnings, We will determine Your Monthly Benefit as follows:
> 1) multiply Your **Pre-disability Earnings** by the Benefit Percentage;
> 2) compare the result with the Maximum Benefit; and
> 3) from the lesser amount, deduct Other Income Benefits.
> The result is Your Monthly Benefit.

11. The plan defines the following terms that are necessary to calculate STD and LTD benefits due pursuant to its terms:

**DEFINITIONS**

**Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
1) Your Occupation during the Elimination Period; and
2) Your Occupation following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings.

**Pre-disability Earnings** If You are an hourly paid Employee, Pre-disability Earnings means the product of:
(1) the average number of hours You worked per month, including hours from paid vacation, sick time, on-call pay and other paid time off, not including overtime and on-call hours, over the most recent 12 month period immediately prior to the last day You were **Actively at Work** before You became Disabled, multiplied by:
2) Your hourly wage in effect on the last day You were **Actively at Work** before You became Disabled.

Pre-disability Earnings includes contributions You make through a salary reduction agreement with the Employer to:
1) an Internal Revenue Code (IRC) Section 401 (k), 403(b) or 457 deferred compensation arrangement;
2) an executive non-qualified deferred compensation arrangement; or
3) a salary reduction arrangement under an IRC Section 125 plan,
for the same period as above.

**Actively at Work** means at work with the Employer on a day that is one of the Employer's scheduled workdays. On that day, You must be performing for wage or profit all of the regular duties of Your Occupation:
1) in the usual way; and
2) for Your usual number of hours.

12. Plaintiff was last "actively at work" on March 16, 2020. Beginning March 17, 2020, Plaintiff was on a company furlough due to the COVID-19 pandemic.

13. Plaintiff became "disabled" as defined by the plan and entitled to disability benefits under the plan on May 5, 2020. Plaintiff resigned on May 5, 2020, never having returned to work after her last day worked.

14. Plaintiff has filed, or has caused to be filed, proofs of claim, and has performed all other conditions precedent to recovering benefits under the LTD plan for the loses claimed herein.

# COUNT ONE
## Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

15. On December 16, 2020, after initially paying Plaintiff under its short-term disability policy, Defendant denied her application for long-term disability benefits, claiming she was not disabled. Plaintiff appealed and on August 6, 2021, Defendant reversed its decision, and paid benefits to Plaintiff under the LTD plan. However, on May 5, 2022, Defendant determined that because Plaintiff's disability stems partially from her mental health conditions, that her benefits would terminate on August 3, 2022, the maximum duration (twenty-four months) of benefits for mental illness.

16. On August 23, 2022, Plaintiff filed an appeal of Defendant's decision, stating that (a) her disability was in-large part related to her visual disabilities; (b) Defendant had miscalculated her benefit amount on the benefits paid to date[1]; and (c) Defendant had been unjustly enriched because Plaintiff was forced to take early Social Security Retirement (SSR) benefits after being denied LTD benefits, thus lowering the amount of Defendant's LTD benefits under the plan, and reducing Plaintiff's SSR benefit for life compared to if she had claimed SSR at her full retirement age.

17. On September 22, 2022, Defendant once against reversed its decision, and continued to pay benefits to Plaintiff, but Defendant denied it had miscalculated Plaintiff's benefit amount, and stated it would not be adjusting Plaintiff's benefit. Defendant confirmed it had not calculated Plaintiff's benefit using her hours worked, but using her purported annual rate of pay.

---

[1] Specifically, Plaintiff informed Defendant it had miscalculated her pre-disability earnings pursuant to the STD and LTD plan policies, which resulted in an erroneous calculation of benefits based on a salaried employee instead of an hourly employee, and an overall reduction in the proper benefit that should have been paid to Plaintiff.

Finally, Defendant also denied it had been unjustly enriched by Plaintiff's taking early SSR benefits in response to her being denied LTD benefits.

18. Plaintiff is entitled to the correct calculation of her benefits pursuant to the terms of the STD and LTD plans, retroactive to the date of disability, with statutory interest awarded on same.

19. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**COUNT TWO**
**Equitable Relief**
**Pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3)**

20. After Defendant's admittedly wrongful denial of LTD benefits, Plaintiff was forced to claim early SSR benefits due to not having enough income to meet her monthly expenses. Only after Plaintiff began to receive SSR benefits did Defendant reverse its denial of benefits to Plaintiff.

21. In claiming early SSR benefits, Plaintiff conferred a benefit on Defendant as this reduced Defendant's eventual liability to Plaintiff because the early SSR benefits offset Plaintiff's benefit under the plan's "Other Income" provision. Defendant had knowledge of the "Other Income" received by Plaintiff, and accepted and retained the benefit of paying Plaintiff a lesser amount in her LTD benefits each month. Had Defendant not incorrectly denied Plaintiff's application for LTD benefits, Defendant would not have retained the benefit of reducing its monthly liability to Plaintiff by the amount of her early SSR benefit, and Plaintiff would not be forced to take a lower SSR payment for the remainder of her life, due to her early claiming early SSR.

22.     Defendant has been unjustly enriched to Plaintiff's detriment, and Plaintiff is entitled to the recovery of funds lost through Defendant's actions along with pre-judgment statutory interest on such funds.

23.     Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff respectfully requests this Court order the recovery of benefits based on miscalculation of Plaintiff's pre-disability earnings, and requests damages paid from Defendant to Plaintiff based on the doctrine of equitable estoppel and to avoid unjust enrichment, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3), in addition to statutory, pre-judgment, and post-judgment interest, and attorney's fees as authorized by 29 U.S.C. § 1132, and any other such relief as this Honorable Court may deem just.

Dated this 10th day of January, 2023.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via an authorized process server on Defendant, Hartford Life and Accident Insurance Company, on this 10th day of January, 2023.

/s/ Matthew D. Liebenhaut
MATTHEW D. LIEBENHAUT, ESQ.
Florida Bar No. 047078

**LAW OFFICE OF MATT LIEBENHAUT, PLLC**
2425 Torreya Drive
Tallahassee, Florida 32303
Telephone:    (850) 270-6977
Facsimile:    (850) 254-7881
*Counsel for Plaintiff*

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

MARY NYLENE ROBERTSON

    Plaintiff

vs                                         CASE NO.: 2023 CA 000056

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

    Defendant
_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Wednesday, January 11, 2023

JOHN C COOPER CIRCUIT JUDGE

JOHN C COOPER
Circuit Judge

**SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER**

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.